UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| DANIEL A. HUMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:15CV72 HEA |
| | ) | |
| M. LOWRANCE, et al, | ) | |
| | ) | |
| Defendants, | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on defendants' motion to dismiss or, alternatively, motion for summary judgment. Defendants argue that the complaint should be dismissed because plaintiff failed to exhaust his claims and because his Eighth Amendment claims fail to state a plausible claim for relief. The motion is granted, and this action is dismissed.

**Standard**

To state a claim under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A pleading need not include "detailed factual allegations," but it is not sufficient to tender "naked assertion[s]" that are "devoid of further factual enhancement." *Id.* (internal quotation marks omitted). A complaint must do more than allege "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.*

When reviewing a motion for summary judgment, the Court must construe the record in the light most favorable to the non-moving party. The moving party bears the burden of establishing the absence of any issue of material fact and its entitlement to judgment as a matter of law. The burden then shifts to the non-moving party, who may not rest on the pleadings, but must provide specific facts showing that issues of material fact exist for trial. Fed. R. Civ. P. 56; *Heisler v. Metropolitan Council*, 339 F.3d 622, 626 (8th Cir. 2003).

**Background**

Plaintiff brings this action under 42 U.S.C. § 1983 for violations of the First and Eighth Amendments. He suffers from an allergy to second hand smoke, or environmental tobacco smoke ("ETS"). He is incarcerated at the Northeast Correctional Center ("NECC"), where tobacco is made available and inmates are permitted to smoke in their cells. Additionally, prison staff frequently smoke within twenty-five feet of the building entrances. He suffers from medical distress as a result of the smoking.

On October 1, 2014, plaintiff filed an inmate resolution request ("IRR"). In it, he stated, "I am subjected to 2nd hand smoke in violation of DOC Policy and state law. There is a constant stream of smoke in the wing at almost all times. . . . [M]ost of the staff also smoke within 25´ of the bldgs. in violation of state law." He requested the "immediate cessation of *all* smoking *in* and *within* 25´ of any bldg." He did not state that he had an allergy to ETS. Defs.' Ex. A. to Mot. to Dismiss.

On October 24, 2014, defendant M. Lowrance discussed the IRR with plaintiff. Plaintiff requested that she visit his housing unit to see the conditions for herself. After their meeting, Lowrance came to plaintiff's housing unit and announced to the offenders there that plaintiff had

2

filed a grievance about their smoking habits. Plaintiff claims she did so in retaliation for his IRR and so that inmates would punish him for being a "snitch."

Lowrance later returned to plaintiff's housing unit to further discuss his complaint. She responded, "it is almost impossible to stop all addicted smokers from smoking, and that officers doing [sic] their best to enforce the smoking policy." After their discussion, plaintiff checked the box, "IRR RESOLVED BY DISCUSSION/WITHDRAWN." Defs.' Ex. A. to Mot. to Dismiss. He did not file a formal grievance or grievance appeal.

Later that day, some inmates formed a plan to attack plaintiff when he went to the chow hall. Some other inmates intervened, however, and the attack did not take place.

A few weeks later, plaintiff requested to be moved to a cell with a nonsmoker. However, defendant T. Wood, who is a functional unit manager, moved plaintiff to a cell with two smokers. Just before moving plaintiff, Wood told plaintiff's cell mate that plaintiff had filed an IRR about inmates smoking in their cells, which plaintiff believes was intended to cause other inmates to harm him.

On June 11, 2015, plaintiff filed another IRR, claiming that he suffered from an allergy to ETS. He stated that he had been promised by Wood that the smoking would be stopped but that nothing was done. He complained that smoking was occurring everywhere in the housing unit as well as the cells. He also complained that the smoking continued in spite of Lowrance's assurance that it would stop. The IRR was denied as duplicative. Def. Ex. B. to Mot. to Dismiss. Plaintiff's grievance and grievance appeal were denied by defendants Hurley and Earls, respectively. Pl.'s Ex. 6 and 7 to Compl.

Plaintiff sent letters to defendants Hurley, Godert, and Lombardi complaining of the conditions and his allergy to ETS. They did not provide him with a remedy.

3

Plaintiff filed a medical claim complaining of his allergy to ETS. The doctor prescribed a medication to help him with the symptoms. It is unclear when this occurred, however.

On August 17, 2015, his physician wrote a lay-in requiring that he be placed with a nonsmoking cell mate. Pl.'s Ex. 11 to Compl.

**Discussion**

1.   *Failure to exhaust available administrative remedies.*

Defendants contend that plaintiff did not exhaust administrative remedies on any of his claims.

> To initiate [the grievance] process, an inmate must file an Informal Resolution Request ("IRR") within fifteen days of the date of the incident giving rise to the IRR. If the inmate is dissatisfied with the response to his IRR, he can file an Offender Grievance within seven working days of receiving the response. If the inmate is dissatisfied with the response to his Grievance, he can file a Grievance Appeal within seven days of receiving that response. The failure to file timely appeal will result in the appeal being considered abandoned. Only after the inmate receives a response to his Appeal is the administrative grievance procedure exhausted.

*Wewerka v. Roper*, No. 4:09CV1973 CDP, 2010 WL 4628093, at *2 (E.D. Mo. Nov. 8, 2010), *aff'd,* 431 F. App'x 517 (8th Cir. 2011).

> Section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under [§ 1983] by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." When multiple prison condition claims have been joined, as in this case, the plain language of § 1997e(a) requires that all available prison grievance remedies must be exhausted as to all of the claims.

*Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000) (per curiam).

It is undisputed that plaintiff never filed an IRR with regard to his retaliation claims against Lowrance and Woods. Plaintiff says that "he is not required to file an IRR or grievance" on this issue. He cites the Missouri Department of Corrections' Offender Grievance Procedure Manual's section on reprisals for using the grievance procedure, which states that "[n]o reprisals

shall be taken against any offender for the use of, or participation in, the grievance procedure." Defs.' Ex. A to Reply Br., p. 4. Specifically, cites the language, "If the division director or designee determines that the complaint is not a reprisal, the original offender grievance appeal form will be sent back to the grievance officer or designee at the institution from which the complaint was initiated." *Id.* at 5.

While the language cited supports the notion that defendants may not retaliate against plaintiff for using the grievance procedure, it does not support plaintiff's proposition that matters involving retaliation need not be exhausted by the grievance process. Plaintiff's argument fails, and his retaliation claims must be dismissed for failure to exhaust administrative remedies.

Plaintiff did not file an IRR regarding Wood transferring him to a cell with other smokers. So, this claim must be dismissed.

Plaintiff did not receive the medical lay-in until August 17, 2015, which is well after he filed his IRRs. Therefore, his claims that defendants violated the doctor's orders have not been exhausted.

Plaintiff did not allege that the remaining defendants violated his rights in his IRRs or grievance. As a result, the complaint must be dismissed for failure to exhaust available remedies.

2. *Failure to state a claim upon which relief can be granted.*

Defendants maintain that the complaint fails to state a claim against defendants Hurley, Speagle, Tapley, Lombardi, Earls, or Godert because plaintiff did not allege they were personally responsible for his injuries.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see Ashcroft*

5

*v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995) ("a general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability."). Plaintiff's allegations do not show that any of these defendants personally allowed inmates to smoke in his presence. As a result, his claims under the Eighth Amendment fail to state a claim upon which relief can be granted.

For these reasons, this action is dismissed. Moreover, because plaintiff failed to exhaust any of his claims before bringing this action, the Court finds that an appeal would not be taken in good faith.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss or, alternatively, motion for summary judgment [ECF No. 14] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** with prejudice.

An Order of Dismissal will be entered separately.

Dated this 11th day of January, 2017

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE